UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DARRIN ROBERSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-548-JD-AZ |
| OFFICER NATHANAEL, et al., | |
| Defendants. | |

OPINION AND ORDER

Darrin Roberson, a prisoner without a lawyer, filed a complaint against Officer Nathanael and Officer Thomas. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Roberson alleges that, on October 19, 2023, Officer Nathanael placed him on lockdown for 24 hours as a disciplinary measure at the Allen County Jail. Though the complaint is light on details, a jail grievance exhibit attached to the complaint indicates that Roberson was not informed of the reason for the disciplinary measure prior to its imposition and implies that he was not afforded a hearing. ECF 1-1 at 1-2. Roberson also names Officer Thomas as a defendant because Officer Thomas

responded to his grievance regarding the lockdown and "refused to correct this error." Based on these allegations, Roberson seeks damages.

The Fourteenth Amendment provides state officials shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. For convicted prisoners, procedural due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "However, pretrial confinees are not similarly situated; they are not under a sentence of confinement, and therefore it cannot be said that they ought to expect whatever deprivation can be considered incident to serving such a sentence." *Rapier v. Harris*, 172 F.3d 999, 1004–05 (7th Cir. 1999). "[T]he due process standard governing discipline of pretrial detainees . . . requires adequate notice and a proper hearing when imposing any nontrivial punishment." *Johnson v. Murray*, 2024 WL 208152, at *1 (7th Cir. 2024).

Notably, the grievance attached to the complaint as an exhibit indicates that Officer Thomas first reviewed the grievance on October 21, 2023. ECF 1-1 at 1-2. By this time, Roberson's 24-hour period of lockdown had ended, so it is unclear how Officer Thomas could have corrected the due process violation at this juncture. Further, Roberson's grievance did not assert a lack of due process but instead sought the reason for the lockdown, which Officer Thomas promptly provided.[1] *Id.* "A plaintiff bringing a

---

[1] According to the grievance response, Roberson was placed on disciplinary lockdown because did not heed an order for his housing unit to lockdown. ECF 1-1 at 1-2.

2

civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). Because Roberson does not plausibly allege that Officer Thomas was personally involved in violating his procedural rights, he cannot proceed against him.

The allegations against Officer Nathanael require more careful consideration. Roberson alleges that, in October 2023, he was a pretrial detainee, but the electronic docket for the State courts reveals a more complicated status.[2] Specifically, on May 10, 2022, Roberson pled guilty to child molesting in *State v. Roberson*, 02D05-2101-F4-9 (Allen Sup. Ct. filed Jan. 28, 2021), and was sentenced to six years with two years deemed served and four years suspended with Roberson released on probation. On September 14, 2023, the probation department filed a petition to revoke probation. On September 18, Roberson was arrested and was apparently detained at the Allen County Jail. On October 27, 2023, following a probation violation hearing, the Allen Superior Court returned him to probation. In October 2024, the probation department filed another petition to revoke probation, and, in November 2024, the Allen Superior Court resentenced him to four years of incarceration.

The Seventh Circuit Court of Appeals has recently indicated a lack of clarity with this circuit as to whether a convicted individual detained "on an unadjudicated probation violation-fits within the Eighth Amendment or the Fourteenth Amendment framework." *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 614 n.3 (7th Cir. 2022); *Prindable v.*

---

[2] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

3

*Marcowitz*, 2023 WL 8470401, at *4 (S.D. Ill. Dec. 7, 2023). As detailed above, Roberson was an unadjudicated probationer during his single day of disciplinary lockdown. There is no suggestion that this single day amounted to an "atypical and significant hardship in relation to the ordinary incidents of prison life," so whether a constitutional violation occurred turns on whether the Eighth Amendment or Fourteenth Amendment framework applied to Roberson on October 19, 2023.

The unsettled nature of this dispositive legal issue raises the question of whether Officer Nathanael is entitled to qualified immunity. The Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *see also Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 916 (7th Cir. 2015) ("Even though dismissal under Rule 12(b)(6) on qualified immunity grounds may be inappropriate in many cases, in some cases it is proper; indeed, we have reversed the denial of qualified immunity at the pleading stage where appropriate.").

Government officials are protected from civil liability when performing discretionary functions under the doctrine of qualified immunity so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Alvarado v. Litscher*, 267 F.3d 648, 652 (7th Cir. 2001). "To determine if qualified immunity applies, the courts employ a two-prong test: (1) whether the facts, viewed in a light most favorable to the injured party, demonstrate that the conduct of the officers violated a constitutional right, and (2) whether that right was clearly established at the

4

time the conduct occurred." *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). "[T]he court has discretion to address either issue first, depending on the case at hand." *Id.*

For a constitutional right to be clearly established, its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Estate of Escobedo v. Bender*, 600 F.3d 770, 779 (7th Cir. 2010) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). The unlawfulness of a particular official's action must be apparent "in light of the pre-existing law." *Id.* A party may demonstrate that a right was clearly established by presenting a closely analogous case establishing the defendant's conduct was unconstitutional or by presenting evidence the defendant's conduct was so patently violative of a constitutional right that reasonable officials would know without guidance from a court. *See Hope*, 536 U.S. at 739–40.

The court focuses on the question of whether "the right was clearly established at the time the conduct occurred." Given the unclear state of the law within this circuit on which constitutional amendment applies to unadjudicated probationers, the court is inclined to find that Roberson's rights under the Fourteenth Amendment were not clearly established. Because Roberson was an unadjudicated probationer, it seems unlikely that the purported unlawfulness of locking Roberson in his cell for a single day without due process could have been apparent from pre-existing law to a reasonable officer. As a result, the court is inclined to find that Officer Nathanael is entitled to qualified immunity.

As noted above, dismissing a claim based on qualified immunity at the screening stage is occasionally appropriate, but such dismissals remain unusual. Consequently, in an abundance of caution, the court will allow Roberson an opportunity to respond before deciding whether to dismiss the claim against Officer Nathanael based on qualified immunity at the screening stage.

For these reasons, the court:

(1) GRANTS Darrin Roberson until **June 9, 2025**, to file a response to this Order addressing Officer Nathanael's entitlement to qualified immunity; and

(2) CAUTIONS Darrin Roberson if he does not respond by the deadline, this case may be dismissed under 28 U.S.C. § 1915A without further notice.

SO ORDERED on May 9, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT